```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BECKY McCARTNEY,

                         Plaintiff,              10-CV-6008

v.                                               **DECISION
                                                 and ORDER**
XEROX CORPORATION,

                         Defendant.
_____
```

## **INTRODUCTION**

Plaintiff Becky McCartney ("McCartney") brings this case pursuant to Section 502(e)(2) of the Employee Retirement Income Security Act ("ERISA") alleging that Defendant Xerox Corporation ("Xerox"), her former employer, breached its fiduciary duty to her by failing to inform her of a planned enhancement to retirement benefits prior to her retiring from the company. Specifically, McCartney, who claims that she was contemplating retirement in 2008, alleges that at that time, she asked Xerox human resources personnel whether or not an early buyout opportunity would be made available to current employees. McCartney claims that she was told by Xerox personnel that no such buyout opportunity would be forthcoming, and that as a result of Xerox's representation, she decided to retire effective September 28, 2008. According to McCartney, one month after she retired, an early buy-out, with enhanced retirement benefits, was made available to certain Xerox employees. Plaintiff alleges that had she been given correct

information regarding the buy-out, she would have waited to retire under the enhanced retirement package.

Defendant now moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss plaintiff's Complaint on grounds that the plaintiff has failed to state a claim upon which relief can be granted. Specifically, Xerox claims that McCartney has failed to state a claim under ERISA or New York State common law. In response to Defendant's Motion to Dismiss, Plaintiff filed an Amended Complaint adding new allegations which she believes substantiate her claims.

In response to Plaintiff's Amended Complaint, Xerox moves to Strike the Amended Complaint on grounds that Plaintiff failed to timely file the Amended Complaint pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, which provides in relevant part that "a party may amend its pleading once as a matter of course within ... 21 days after service of a motion under 12(b)..." Fed. Civ. R. P. 15(a)(1).

In response to Defendant's Motion to Strike, Plaintiff has filed a Motion for Leave to file her initial Amended Complaint pursuant to Rule 15.

For the reasons set forth below, I grant plaintiff's motion for leave to file an Amended Complaint, deny as moot defendant's motion to dismiss, and grant defendant's motion to strike.

## BACKGROUND

In May of 1973, Plaintiff began her career as a Xerox employee. She remained a Xerox employee for over thirty-five years, until her retirement in September of 2008. A few months prior to her retirement, McCartney allegedly asked Xerox human resources personnel whether or not a voluntary reduction-in-force program would be offered to current employees as an inducement to retire. During her communications with company personnel regarding a possible buy-out program, McCartney told Xerox personnel that she would remain an employee through October of 2008 if there was a chance she could participate in an early buy-out. She claims that Xerox personnel told her that no early buy-out opportunity would be available to her.

Believing that no early retirement opportunity would be made available to her, McCartney decided to retire, effective September of 2008. One month after she retired, however, a voluntary reduction in force initiative was announced by Xerox. According to the plaintiff, had she been told of this initiative prior to her retirement, she would have remained employed so that she could have taken advantage of the buy-out program. According to Xerox, the program was limited to only a certain class of employees, and would not have applied to McCartney even if she had remained employed at Xerox.

Upon hearing of the buy-out program, McCartney, although already retired, asked if she could participate in the program. After Xerox denied this request, McCartney brought the instant action claiming that Xerox had breached its fiduciary duty to her pursuant to 29 U.S.C. §1002 ("ERISA") and had misrepresented information to her about the availability of the October 2008 VRIF; information she claims to have relied upon when making her September 2008 retirement decision.

Defendant moved to Dismiss Plaintiff's Complaint on grounds that she has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In response to the Defendant's motion, Plaintiff filed an Amended Complaint restating her claims and adding additional facts in an attempt to further support her claims.

Defendant moves to strike the Amended Complaint due to the fact that Plaintiff has not complied with the time limitations for filing an Amended Complaint as set forth in Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure. In response to the defendant's motion to strike, plaintiff seeks leave to file her Amended Complaint.

## DISCUSSION

### I. Motion for Leave to file an Amended Complaint

A Motion to Amend a Complaint is governed by Rule 15 of the Federal Rules of Civil Procedure. Under this Rule, a motion to

amend should be "freely given when justice so requires." Fed. R. Civ. R. 15(a)(2). Since a Leave to Amend is not automatically granted, a court may "deny a motion to amend for good cause 'such as undue delay, bad faith or dilatory motive on party by virtue of the allowance of the amendment, futility of amendment, etc.'" DiBello v. Town of North Greenbush Planning Bd., 2010 WL 741970 *2 (N.D.N.Y., March 03, 2010)(quoting Foman v. Davis, 371 U.S. 178 (1962)).

After reviewing the parties' motions, I find that in the interests of justice, plaintiff may be allowed to file an Amended Complaint. At this preliminary stage, granting the plaintiff's motion will not result in any prejudice to the defendant. "Any minor [in]convenience suffered by Defendants in having to respond to Plaintiffs' Amended Complaint 'hardly amounts to prejudice outweighing the policy of Rule 15(a) in favor of permitting the parties to obtain an adjudication of the merits.'" DiBello, 2010 WL 741970 at *2 (quoting S.S. Silberblatt, Inc. V. East Harlem Pilot Block-Bldg. 1 Hous., 608 F.2d 28 (2d Cir. 1979)). Accordingly, this Court grants Plaintiff's motion for leave to amend her Complaint.

**II. <u>Motion to Dismiss</u>**

Xerox contends that McCartney should not be allowed to file an Amended Complaint because any amendment to the Complaint would be futile. In support of this contention, and in support of its

motion to dismiss, Xerox argues that McCartney would not have been eligible to participate in the buy-out program offered by Xerox in October, 2008, even if she had remained at Xerox because she was not a member of the class of employees to whom the buyout was offered. Xerox argues that because McCartney was not eligible to participate in the buy-out program, she cannot state a claim for not being informed about the program prior to her deciding to retire.

Whether McCartney was eligible to participate in the buy-out program raises a question of fact not suitable for adjudication upon consideration of a motion to dismiss. Because this Court cannot, at this stage, determine as a matter of law or fact that Plaintiff was not eligible to participate in the program, I cannot grant a motion to dismiss which requires such a finding.

In light of this Court's determination that Plaintiff should be allowed to amend the Complaint, I deny Defendant's motion to dismiss the Complaint as moot, and deny Defendant's motion to strike as moot.

### III. <u>Motion to Strike Amended Complaint</u>

Defendant moves to strike the Amended Complaint previously filed by Plaintiff on grounds that the Amended Complaint was not filed in a timely manner pursuant to Rule 15 of the Federal Rules of Civil Procedure. As stated above, Rule 15(a)(1) of the Federal Rules of Civil Procedure provides in relevant part that "a party

may amend its pleading once as a matter of course within ... 21 days after service of a motion under 12(b)..." Fed. Civ. R. P. 15(a)(1). In the instant case, Plaintiff's Amended Complaint was filed 34 days after defendant's motion to dismiss was served and therefore, is untimely. As a result, I grant Defendant's motion to strike Plaintiff's Amended Complaint.

## **CONCLUSION**

For the reasons set forth above, I grant the Plaintiff's Motion for Leave to Amend the Complaint, deny Defendant's Motion to Dismiss as moot, and grant Defendant's motion to Strike. Plaintiff shall file her Amended Complaint within 20 days of the date of this Order.

**ALL OF THE ABOVE IS SO ORDERED.**

                                         s/Michael A. Telesca
                                         MICHAEL A. TELESCA
                             United States District Judge

Dated:    Rochester, New York
            August 13, 2010